# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-439V
(Not to be Published)

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| CAROLYNNE OLSON, | \* | Special Master Corcoran |
| | \* | |
| | \* | Filed: August 9, 2019 |
| Petitioner, | \* | |
| v. | \* | Attorney's Fees and Costs |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Mitchel James Olson*, Law Office of Mitchel J. Olson, Carlsbad, CA, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION AWARDING FINAL ATTORNEY'S FEES AND COSTS[1]

On July 1, 2013, Carolynne Olson filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed rheumatoid arthritis as a result of the human papillomavirus ("HPV") vaccine she received on July 1, 2010. *See* Pet. at 1 (ECF No. 1). I issued a decision denying entitlement in the case on July 14, 2017 (ECF No. 67). Petitioner appealed my decision to the Court of Federal Claims, and subsequently to the Court of Appeals for the Federal Circuit, both of which upheld my decision. *See* ECF Nos. 80, 85.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion for Attorney's Fees and Costs, dated July 24, 2019 (ECF No. 86) ("Fees App."). In it, she requests an award of $296,268.55 (representing $273,208.50 in attorney's fees, plus $23,060.55 in costs), reflecting all of the work of attorney Mitchel Olson, Esq., on this matter from 2013 until the present. Fees App. at 10; *see also* Ex. A to Fees App. at 2. The costs requested include expert fees, travel expenses, copying, records reproduction, and the filing fee. Fees App. at 3; Ex. 1 to Fees App. at 1–4.[3] Petitioner did not previously make any request for an interim award.

Respondent reacted to the fees request on August 8, 2019. *See* Response, dated Aug. 8, 2019 (ECF No. 87). He indicates in his Response that he is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2–3.

## ANALYSIS

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. Rather, such a claim must be shown to have possessed "reasonable basis"—meaning that it had some objective basis upon which to proceed, in light of the "totality of the circumstances." *See, e.g.*, *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

Here, I find Petitioner's claim had sufficient objective basis to entitle her to a fee award under the applicable reasonable basis analysis. Claims that the HPV vaccine can cause injury are common enough in the Program to have at least superficial credibility. Even though this claim was unsuccessful (due primarily to the lack of evidence supporting the medical theory proffered by Petitioner), it was based on evidence of some injury that resembled an arthritic condition, and bulwarked by an expert opinion that was not frivolous or obviously poorly reasoned. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888

---

[3] Petitioner did not file a General Order No. 9 Statement in connection with her fee application (and counsel does request any costs personally incurred by Petitioner). I therefore deem Petitioner to have waived any additional costs not otherwise requested herein.

2

(1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). *McCulloch* established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

In this case, Petitioner requests fees for Mr. Olson for work performed from 2013–19,[4] with the requested a rate of $361 per hour for 2013, with increases to $372–$396 per hour for 2014; $407.50 per hour for 2015–16; $417 per hour for 2017; $431 per hour for 2018; and $483 per hour for 2019. Fees App. at 7–8; Ex. A to Fees App. at 1. The fees application also indicates that Mr. Olson billed higher rates for work he deemed to include his own "medical training, experience, and skill" as a medical doctor, or as applicable to work before the Federal Circuit. Fees App. at 8–10; Ex. A to Fees App. at 2 (requesting $499 per hour for 2013–14; $516 per hour for 2013-2014; $552 per hour for 2014-2015; $568 per hour for 2015-2016; $581 per hour for 2016–17; $602 per hour for 2017–18; and $613 per hour for 2018–19 based on the USAO Matrix). Fees App. at 8–10.

Mr. Olson practices in Carlsbad, California, a city within the San Diego metropolitan region. I have found that attorneys practicing in regional equivalents are entitled to the forum rates established in *McCulloch* based on their close proximity to larger metropolitan locales. *See, e.g.*, *Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 (Fed. Cl. Spec. Mstr. June 11, 2019) (attorney practicing in Rancho Santa Margarita, California received in-forum rates); *Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2017) (attorney practicing in Beverly Hills, California is in-forum); *Mallett v. Sec'y of Health & Human Servs.*, No. 15-377V, 2017 WL 3623360 (Fed. Cl. Spec. Mstr. July 19, 2017) (Napa, California is in-forum). Other special masters have similarly held that attorneys in

---

[4] Notably, Mr. Olson did not retain a paralegal to assist with this matter. It is common practice in the program for counsel who perform paralegal work to self-reduce the rates associated with these tasks (commensurate with the standard rates awarded to paralegals in the Program). *See, e.g.*, *Scott v. Sec'y of Health & Human Servs.*, No. 15-911V, 2017 WL 8682427, at *3–4 (Fed. Cl. Spec. Mstr. Dec. 15, 2017); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). As this is one of Mr. Olson's first cases in the Program, I will not reduce the award herein overall (due to his billing an attorney rate for paralegal tasks). However, counsel is cautioned that he should make this reduction in future fee requests, as I will not award time billed in this manner going forward.

similarly-situated California locales (and the surrounding suburbs) are entitled to forum rates, as they are not significantly lower than those rates awarded to attorneys practicing in Washington, D.C. *See, e.g.*, *Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (San Mateo, California is in-forum); *Gomez v. Sec'y of Health & Human Servs.*, No. 15-160V, 2017 WL 587228 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) (Newport Beach, California is in-forum).

Based on the above, I will award Mr. Olson the forum rates requested in this matter. The majority of the requested rates for Mr. Olson from 2013 to 2018 are consistent with the Office of Special Masters Guidelines[5] (as well as the rate ranges prescribed in *McCulloch* for attorneys with over thirty years of experience). *See McCulloch*, 2015 WL 564323, at *17. Upon consideration, given the information proffered by Petitioner herein about Mr. Olson along with his overall experience, the quality of his work, and his reputation in the legal community (*see* Fees App. at 4–6), I find that the rates requested for 2013–18 are reasonable for the work completed herein.

I will, however, make an adjustment to Mr. Olson's 2019 rate. As noted above, Mr. Olson requests $483 for his work on this matter during 2019 (a rate *greater* than that which is awarded to similarly-situated counsel with over thirty years of experience based on the OSM 2019 Forum Rate Fee Schedule). I will thus reduce Mr. Olson's 2019 rate to $445 per hour to better the prescribed Program rate ranges for an attorney with Mr. Olson's relevant skill and experience.[6]

Petitioner's request that Mr. Olson be awarded increased rates (ranging from $499–$613) for work on the present matter involving his own "medical expertise," as well as work completed before the Federal Circuit, also requires adjustment. As noted earlier, Petitioner argues that an increased rate is justified given Mr. Olson's credentials and medical training. *See* Fees App. at 8–10. However, while I take note of the fact that Mr. Olson has extensive practice experience (both in the legal and medical context) and he fact that he acted diligently in prosecuting Petitioner's claim, these rates exceed those which were established in *McCulloch* for Vaccine Program work (and the subsequent Office of Special Masters fee schedules). Indeed, similarly-situated Vaccine Program practitioners (who hold a medical license) are routinely compensated at rates commensurate with those previously established in the *McCulloch* decision (and the accompanying fee schedules) independent of their asserted levels of personal expertise. *See, e.g.*, *D'Toile v. Sec'y of Health & Human Servs.*, No. 15-85V, 2017 WL 5379195 (Fed. Cl. Spec. Mstr. Sept. 19, 2017). Work completed before the Federal Circuit is similarly compensated according to the Vaccine Program schedules, and counsel has offered no persuasive evidence indicating otherwise. Also, having presided over the trial in this matter prior to the two appeals, it is not my conclusion that the skills and expertise displayed by Mr. Olson exceeded that of other equally-

---

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2015-2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on July 30, 2019).

[6] This amount is also consistent with the producer price index for the office of lawyers ("PPI-OL"), which measures for inflation.

experienced attorneys in the Vaccine Program, such that I should compensate him at a rate higher than his peers. I will thus compensate Mr. Olson based solely on the rates set forth as reasonable for program work (ranging from $361–$445 for work spanning from 2013–19). This amounts to a total overall reduction of **$66,907.37**.

Otherwise, I find that the work performed on the matter was reasonable, even in light of the claim's dismissal. Accordingly, all time requested shall be awarded in full, without adjustment (based on the rates above).

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $23,060.55 in overall costs. Ex. 1 to Fees App. at 1–4. This amount includes the cost of acquiring medical records, postage, the filing fee, expert review fees, and hearing-related travel costs. *Id.* These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation supporting them. I thus find the requested costs to be reasonable and shall award them without reduction.

**CONCLUSION**

I hereby GRANT IN PART Petitioner's motion for attorney's fees and costs. An award of **$229,361.18** (representing $206,300.63 in attorney's fees, plus $23,060.55 in costs) shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mitchel Olson, Esq. The total amount awarded above is based on the rates below:

| **Time Period** | **Rate** | **No. of Hours** | **Total:** |
|---|---|---|---|
| 2013 | $361 | 39 | $14,079.00 |
| 2014 | $372 | 7.5 | $2,790.00 |
| 2014 (31+years) | $396 | 15.25 | $6,039.00 |
| 2015 | $407.50 | 71.5 | $29,136.25 |
| 2016 | $407.50 | 26.25 | $10,696.88 |
| 2017 | $417 | 217 | $90,489.00 |
| 2018 | $431 | 103 | $44,393.00 |
| 2019 | $445 | 19.5 | $8,677.50 |

|  |  |  |  |
|---|---|---|---|
| **Total:** |  | 499 (hours) | $206,300.63 |
| **Costs:** |  | **No reduction** | $23,060.55 |
|  |  |  |  |
| **Total Awarded:** |  |  | **$229,361.18** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master